# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MELNYK, | Case No. 06-cv-1869 LJO TAG |
| Plaintiff, | ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE |
| v. | (Doc. 12) |
| CAL. NORTH KERN STATE PRISON, et al., | ORDER DISMISSING CASE WITH THIRTY (30) DAYS |
| Defendants. | LEAVE TO AMEND |

Plaintiff Richard Melnyk ("Plaintiff"), seeks leave to proceed in forma pauperis ("IFP") in his pro se civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 12). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

The complaint alleges that defendants California North Kern State Prison ("NKSP"), NKSP's Warden and Accounting Department, and the Director of Corrections (collectively "the defendants"), violated his civil and constitutional rights when they refused to return the money in his prison trust account upon his transfer to a pretrial detention facility pending the reversal of his conviction and sentence. Plaintiff contends that the defendants deprived him of his First, Fourth, and Fourteenth Amendment rights and violated sections 2600, 2611, and 211 of the California Penal Code. (Doc. 1).

Pursuant to 28 U.S.C. §§ 1915A and (e)(2)(B), this Court must "screen" a prisoner's complaint to determine whether the case should be dismissed because it (1) "is frivolous or malicious," or (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), (e)(2)(B)(i),(ii), and (iii).

To state a viable claim under 42 U.S.C. § 1983, the complaint must set forth facts from which it can be inferred that the plaintiff was deprived of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). Allegations that a defendant violated

state laws or regulations do not provide a cause of action under 42 U.S.C. § 1983. <u>Swearney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997).

Other than the alleged violations of the state penal code, Plaintiff does not explain in what way the defendants' withholding of the money in his trust fund account pending the reversal of his conviction violated his rights under the Constitution or federal statutes. (Doc. 1). Accordingly, the Court finds that, because Plaintiff's complaint fails to state a claim upon which relief may be granted under section § 1983, the "Application to Proceed In Forma Pauperis By a Prisoner" (Doc. 12) must be denied without prejudice. Plaintiff is provided an opportunity to file an amended complaint, in which he can explain how the actions complained of have resulted in a deprivation of his constitutional rights. Pursuant to Local Rule 15-220, Plaintiff is advised that the amended complaint must be complete in itself without reference to his previous pleadings.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Doc. 12), is DENIED without prejudice;

2. Plaintiff's complaint is DISMISSED, with leave to amend, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

3. The Clerk's Office is DIRECTED to send Plaintiff a civil rights complaint form and an application form for a non-prisoner to proceed in forma pauperis; and

4. Within thirty (30) days from the date of service of this order, plaintiff shall file an amended complaint.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action and/or the defendants named therein for failure to obey this Court's order. Local Rule 11-110.**

IT IS SO ORDERED.

Dated:   **March 30, 2007**              **/s/ Theresa A. Goldner**
**j6eb3d**                                UNITED STATES MAGISTRATE JUDGE

2