IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROBERT MELNYK, | Case No. 06-cv-1869 LJO NEW (TAG) |
| Plaintiff, | REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| vs. | |
| CAL. NORTH KERN STATE PRISON, et al. | (Doc. 15) |
| Defendants. | |

   Plaintiff, Richard Robert Melnyk ("Plaintiff"), a former inmate of the North Kern State Prison, filed a pro se civil rights action, 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when, upon his transfer to a pretrial detention facility to await the reversal of his conviction, Defendants refused to return several thousand dollars that he had accumulated in his prison trust account. (Doc. 1). On February 23, 2007, Plaintiff filed a motion to proceed in forma pauperis ("IFP"). (Doc. 12). Pursuant to 28 U.S.C. §§ 1915A and (e)(2)(B), the Magistrate Judge screened the complaint and found that it failed to state a claim upon which relief could be granted. On March 30, 2007, the Court issued an order that denied Plaintiff's motion to proceed IFP without prejudice, dismissed his complaint without prejudice, and directed Plaintiff to file an amended complaint within thirty (30) days – on or before May 3, 2007. (Doc. 15). The Court served Plaintiff via U.S. mail on March 30, 2007. (See district court dkt. report, entry dated March 30, 2007). The U.S. Postal Service returned the order on April 6, 2007, as undeliverable. A notation on the

envelope indicates that Plaintiff "was out of custody."[1]  (Doc. 18).  To date, Plaintiff has failed to file an amended complaint.  (See generally dkt. report).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-1441 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;  and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-1424; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-1261; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of

---

[1] Plaintiff has not notified the Court of any change in his address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 83-182(f).

injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order of March 30, 2007, expressly stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action and/or the defendants named therein for failure to obey this Court's order." (Doc. 15). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

**RECOMMENDATION**

Based on the forgoing, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to obey the Court's March 30, 2007, order, which equates to a failure to prosecute, and for Plaintiff's failure to comply with the Court's Local Rules.

This Report and Recommendation is submitted to the Honorable Lawrence J. O'Neill, the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with this Report and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Plaintiff is advised that his failure to file objections within the specified time may waive his right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 11, 2007**                    **/s/ Theresa A. Goldner**
                                             UNITED STATES MAGISTRATE JUDGE